UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERIA,<br><br>                                    Plaintiff,<br><br>v.<br><br>REGINALD OWENS,<br><br>                                    Defendant. | Case No. 97cr2546-CAB<br><br>**ORDER: (1) DENYING MOTION TO AMEND [Doc. No. 76] AND (2) REINSTATING STAY** |

BACKGROUND

On June 21, 2016, Defendant/Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence.  [Doc. No. 65.]  On July 1, 2016, this Court issued an order staying the motion pending a decision by the Ninth Circuit in 14-10080, *United States v. Begay*.  [Doc. No. 67.]

On April 20, 2018, Defendant/Petitioner filed a motion to lift the stay in light of the Supreme Court's decision in *Sessions v. Dimaya*, __ S. Ct. __, 2018 WL 1800371 (U.S. Apr. 17, 2018). [97cr2546, Doc. No. 69.]   On January 10, 2019, the Court denied the motion to lift the stay.  [Doc. No. 74.]

On July 18, 2019, the Ninth Circuit Court of Appeals issued an order regarding an application for authorization to file a second or successive 28 U.S.C. §2255 motion filed in  Ninth Circuit No. 18-71013.  [Doc. No. 75.]  The Ninth Circuit denied the motion as

unnecessary because the applicant (Petitioner Reginald Owen) already has a section 2255 motion pending in this Court. *Id.* The Ninth Circuit further ordered the proposed section 2255 motion be filed in this action as a motion to amend the currently pending 2255 motion. *Id.* That motion to amend is now filed in this action as docket no. 76.

On August 6, 2019, this Court issued an order lifting the stay to address the motion to amend, and set a briefing schedule. [Doc. No. 77.] On August 23, 2019, Respondent filed an opposition to the motion to amend. [Doc. No. 78.] No reply has been filed. For the reasons set forth below, the motion to amend is **DENIED**.

## DISCUSSION

Rule 12 of the Rules Governing Section 2255 Motions provides that the Federal Rules of Civil Procedure may be applied to § 2255 motions when appropriate. *See also Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000). Under Federal Rule of Civil Procedure 15(a), one seeking collateral relief may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the pendency of the proceeding. *See Mayle v. Felix*, 545 U.S. 644, 654 (2005); *see also In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004) (Rule 15(a) applies to habeas actions with the same force that it applies to other civil cases). Although leave to amend should be given freely, a court may deny a motion to amend if the motion is made in bad faith, there would be prejudice to the opposing party, the amendment would be futile or would delay resolution of the action, or if the party acted in a dilatory fashion in seeking leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the proposed amendment would be futile because it is untimely. Petitioner's motion to amend seeks to add "whether the district court felt its hands were tied in fashioning a sentence for the underlying offense and the 924(c) while still abiding by the Statute requiring the sentence to be run consecutive." [Doc. No. 76 at 3.] Ordinarily, a "1-year period of limitation" applies to habeas petitions challenging a sentence. 28 U.S.C. § 2255(f). The limitations period typically begins to run from "the date on which the judgment of conviction becomes final" (in this case 1999). 28 U.S.C. § 2255(f)(1). But if

the "right asserted" in the petition was "newly recognized" by the Supreme Court and is made retroactively applicable to cases on collateral review, a petitioner may file within one year of the date that the "right asserted" was newly recognized by the Supreme Court. 28 U.S.C. § 2255(f)(3).

Petitioner cites *Dean v. United States,* 137 S. Ct. 1170 (2017) in support of this amendment, presumably asserting that he is filing within one year of *Dean.* [Doc. No. 76 at 3.] However, *Dean* did not establish a retroactively applicable constitutional rule. *See Garcia v. United States,* 923 F.3d 1242, 1245-46 (9th Cir. 2019)("*Dean*'s rule was statutory, not constitutional, and the Supreme Court has not made it retroactive to cases on collateral review"). Because Petitioner's proposed amendment is untimely under 28 U.S.C. § 2255(f)(1), and because *Dean* is inapplicable, any amendment would be futile. Therefore, the motion to amend is **DENIED**.

CONCLUSION

For the reasons set forth above, the motion to amend is **DENIED** and the **STAY** is **REINSTATED**. Counsel for Petitioner shall notify this Court within 5 days of the Ninth Circuit's final decision in *Begay*.[1]

**IT IS SO ORDERED**.

Dated: September 11, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] A review of the docket in *USA v. Randly Begay,* No. 14-10080, shows that the Ninth Circuit filed an opinion on August 19, 2019. [*See* Doc. No. 114.] However, it appears the time within which to file a motion for rehearing has been extended to November 14, 2019. [*See* Doc. Nos. 115-117.]