UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff-Respondent,<br><br>v.<br><br>REGINALD DION OWENS,<br><br>            Defendant-Petitioner. | Case No.: 97-CR-2546-CAB<br><br>**ORDER GRANTING MOTION TO REDUCE SENTENCE**<br><br>[Doc. No. 81] |

This motion is before the Court on Defendant-Petitioner Reginald Dion Owens' motion to reduce sentence pursuant to the First Step Act. The government has filed an opposition to the motion, and Owens has filed a reply along with two additional filings of supplemental authority supporting his motion. For the reasons set forth below, the motion is granted.

**I.   Background**

On September 16, 1997, the government filed an indictment charging Owens with six armed bank and credit union robberies that occurred between November 18, 1996, and September 9, 1997. The indictment asserted six counts for violation of 18 U.S.C. § 2113(a) and (c), and six counts of knowingly using a firearm in connection with those robberies, in violation of 18 U.S.C. § 924(c). [Doc. No. 4.] He ultimately pled guilty to four of the robbery counts and two of the section 924(c) counts. [Doc. No. 29.] According to his pre-

sentence report, Owens stated that he committed the robberies because he had gotten into debt as a result of his addiction to crack cocaine. [Doc. No. 87-1 at 7.]

On March 22, 1999, Owens was sentenced to 97 months for the four robbery counts plus five years on the first section 924(c) count and twenty years on the second section 924(c) count, to run consecutive, for a total of 397 months (33 years and 1 month) imprisonment. [Doc. No. 37.] The government dismissed the remaining counts. [*Id.*]

Owens has served approximately 269 months of that sentence. He now asks the Court to reduce his sentence to time served based on the First Step Act.

## II.   Legal Standards

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, "amends numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). One of the changes resulting from the Act is that it "allows defendants, for the first time, to petition district courts directly for compassionate release." *Id.* As one district court recently explained:

> The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner. . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A). *See, e.g.,* First Step Act, PL 115-391, 132 Stat 5194, 5239 (titling the subsection amending § 3582, "Increasing the Transparency and Use of Compassionate Release"); 164 Cong. Rec. S7314-02, 2018 WL 6350790 (Dec. 5, 2018) (statement by Senator Cardin, co-sponsor of the First Step Act, noting that its purpose was to "expand[s] compassionate release" and "expedite[] compassionate release applications").

*United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020); *see also United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) ("[O]ne of the express purposes of the First Step Act was to increase the use and transparency of compassionate release.").

Under 18 U.S.C. § 3582(c)(1)(A), a district court may consider a motion for a sentence reduction directly from a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Here, Owens submitted evidence of a request to his warden on September 1, 2019 [Doc. No. 81 at 24], and there does not appear to be any dispute that the warden took no action and that the exhaustion requirements of § 3582(c)(1)(A) have been satisfied.

As for the criteria to be considered in connection with Owens' motion, the First Step Act "allows a court to reduce a defendant's sentence for 'extraordinary and compelling reasons[,]' if the reduction complies with 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission[.]" *United States v. Mondaca*, No. 89-CR-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). "Congress does not define what constitutes "extraordinary and compelling" reasons; instead, it defers consideration of the matter to the Sentencing Commission." *Id.* (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.")). To that end, section 1B1.13 of the Sentencing Guidelines, which was adopted before the First Step Act, concerns motions for sentence reductions by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A). It states:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
>
> . . .

Case 3:97-cr-02546-CAB Document 93 Filed 03/20/20 PageID.728 Page 4 of 8

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. The commentary also states that a defendant's rehabilitation, standing alone, cannot be grounds for a sentence reduction under § 3582(c). U.S.S.G. § 1B1.13 n.3.

### III. Discussion

As stated above, to grant Owens' motion, the Court must: (1) find that "extraordinary and compelling reasons" warrant a reduction; (2) find that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. 18 U.S.C. § 3582(c)(1).

### A. Extraordinary and Compelling Reasons

"In the wake of the First Step Act, numerous courts have recognized the court can determine whether extraordinary and compelling reasons exist to modify a sentence — and may do so under the 'catch all' provision similar to that recognized in U.S.S.G. Manual § 1B1.13 n.1(D), that is, 'an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)' relating to prisoner health or family relations." *United States v. O'Bryan*, No. 96-10076-03-JTM, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020). Other "district courts that have considered the issue have . . . held, based on the First Step Act, that they have the authority to reduce a prisoner's sentence upon the court's independent finding of extraordinary or compelling reasons." *Young*, 2020 WL 1047815, at *6. In other words, "district courts themselves

have the power to determine what constitute extraordinary and compelling reasons for compassionate release." *Id.*

Owens argues that the change the First Step Act made in the calculation of § 924(c) sentences is a compelling and extraordinary reason to reduce a sentence. Owens' sentence was based on stacking of the two § 924(c) counts from the same indictment to which he pled guilty. If he had been sentenced today on the same six counts to which he pled guilty, his sentence would have been significantly less because, based on the First Step Act, "§ 924(c) counts can only be stacked if the second offense occurs after a final conviction on the first offense." *United States v. O'Bryan*, No. 96-10076-03-JTM, 2020 WL 869475, at *1 (D. Kan. Feb. 21, 2020) (citing Section 403, 132 Stat. at 5194, 5221–22); *see also United States v. Redd*, Case No. 1:97-cr-00006-AJT, 2020 WL 1248493, at *3 (E.D. Va. Mar. 16, 2020) ("As a practical matter, an offender now faces a mandatory five year consecutive sentence, rather than an enhanced 20 or 25 year sentence, for a second or subsequent § 924(c) conviction when multiple § 924(c) offenses are charged in the *same* indictment without a previous final § 924(c) conviction.").

Numerous district courts have considered this exact argument and held that the First Step Act's change in how sentences should be calculated when multiple § 924(c) charges are included in the same indictment constitutes an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., Redd*, 2020 WL 1248493, at *6 (holding that the "gross disparity between the sentence [the defendant] received and the sentence he would have received after the First Step Act," which resulted from "Congress' conclusion that sentences like [the defendant's] are unfair and unnecessary, in effect, a legislative rejection of the need to impose sentences under § 924(c), as originally enacted, as well as a legislative declaration of what level of punishment is adequate . . . are . . . extraordinary and compelling developments that constitute extraordinary and compelling reasons that warrant a reduction in [the defendant's] sentence of incarceration."); *Young*, 2020 WL 1047815, at *8 ("The court finds that the drastic change effected by the First Step Act's amendment of § 924(c) constitutes an extraordinary and compelling reason for a sentence

reduction under 18 U.S.C. § 3582(c)(1)(A), at least when considered in conjunction with the other reasons discussed below."); *Maumau*, 2020 WL 806121, at *7 (holding "that the changes in how § 924(c) sentences are calculated is a compelling and extraordinary reason to provide relief on the facts present here."); *United States v. Urkevitch*, 8:03CR37, 2019 WL 6037391, at *8 (D.Neb. Nov. 14, 2019) ("A reduction in [] sentence is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed."). These cases are indistinguishable from the facts before the Court here, and their reasoning is persuasive. Accordingly, the Court finds that extraordinary and compelling reasons exist for a reduction in Owens' sentence based on the changes in how § 924(c) sentences are calculated as a result of the First Step Act, combined with the evidence of Owens' rehabilitation discussed below.

### B.     Applicable Policy Statement From the Sentencing Commission

Although there is no circuit level authority on this issue, the consensus building among district courts is that notwithstanding § 1B1.13, "there does not currently exist, for the purposes of satisfying the First Step Act's 'consistency' requirement, an 'applicable policy statement.'" *Redd*, 2020 WL 1248493, at *6. Courts making this finding have noted that § 1B1.13 was adopted before the First Step Act and does not contemplate motions for sentence reductions filed by defendants themselves, or Congress' express purpose in passing the Act to increase the use of compassionate release. *See, e.g., Maumau*, 2020 WL 806121, at *3 ("The fourth category, by contrast, allocates significant discretion to the Director of the Bureau of Prisons, which was consistent with pre-First Step Act law but is no longer appropriate, given Congress's decision to remove the Director's control over compassionate release motions."); *Brown*, 411 F. Supp. 3d at 449 ("A growing number of district courts have concluded [that] the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release."). The Court agrees with these holdings that there is no applicable policy statement. Accordingly, a reduction in Owens'

97-CR-2546-CAB

sentence would not be inconsistent with any applicable policy statements from the Sentencing Commission.

### C. § 3553(a) Factors

Finally, the Court must consider whether the factors in 18 U.S.C. § 3553(a) also support a reduction in Owens' sentence. Considering the introductory sentence of the section instructs the court to "impose a sentence sufficient, but not greater than necessary" to punish, deter, protect the public, and rehabilitate the defendant, combined with Congress' decision to eliminate the stacking of sentences for § 924(c) convictions like Owens received, the Court finds that the § 3553(a) factors support a reduction of Owens' sentence.

Although Owens' offenses "were undoubtedly serious, [] his underlying offense conduct must be considered in connection with his prospects for recidivism and his level of dangerousness to the public were he released. But that underlying offense conduct must also be considered relative to the sentence he received and any reduced sentence he would receive." *Redd*, 2020 WL 1248493, at *8. To that end, Owens has already served over 22 years in prison, which by any measure is a substantial punishment. Moreover, he committed his crimes at least in part due to an addiction to crack cocaine from which, based on his prison record, he appears to have recovered. Finally, Owens offers unrebutted evidence that he has had no disciplinary infractions while in prison, and that he took advantage of vocational and rehabilitative programs, exhibited a solid work ethic, was trusted with increasing levels of responsibility, and became a leader in his religious community. It also appears that Owens has strong ties with family and friends who are willing to assist him with his reentry into society if he is released. In sum, the Court finds that Owens is not a danger to the safety of others or the community, that the sentence Owens has already served has complied with the purposes of § 3553(a)(2), and that none of the other § 3553(a) factors weigh against reducing Owens' sentence to the time he has already served.

### IV.  Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Owens' motion for a reduction in his sentence is **GRANTED**.  The Court is inclined to reduce Owens' sentence in such a manner that he would be eligible for immediate release from prison.  Before issuing an order to that effect, the Court will hold a telephonic hearing via Courtcall on **March 25, 2020** at **10:00 a.m.**, to give the government the opportunity to argue that a lesser reduction in sentence is warranted. Counsel shall contact CourtCall at 866-582-6878 no later than noon the court day prior to the hearing to arrange for the telephonic appearance.  The hearing will be vacated if the government files a notice that, in light of this order, it does not oppose a reduction in sentence sufficient to result in Owens' immediate release.

It is **SO ORDERED**.

Dated:  March 20, 2020

Hon. Cathy Ann Bencivengo
United States District Judge